## McKnight et al., Appellants, *v.* Board of Public Education et al.

Argued September 25, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Hayden C. Covington,* with him *Walter W. Riehl,* for appellants.

*Mortimer B. Lesher,* Solicitor, for appellees.

OPINION BY MR. JUSTICE CHIDSEY, November 13, 1950:

Thomas A. McKnight, and others, appellants, members of the Jehovah's Witnesses, instituted this action

in mandamus against the members of the Board of Public Education of the City of Pittsburgh to compel issuance to them of a permit for the use of the Schenley High School Auditorium on four Sunday afternoons for the purpose of conducting a series of public Bible lectures. Appellees filed preliminary objections to the complaint in mandamus asserting, *inter alia,* that the complaint established that the intended use of the premises was for religious purposes contrary to the effective rule of the board prohibiting granting of a permit for "any religious or sectarian purposes". This appeal is from the order of the court below sustaining the preliminary objections and from entry of judgment for appellees.

The complaint avers that appellants are Jehovah's Witnesses; that they had planned a series of regular public talks on national and international conditions from a Bible standpoint by chosen speakers in the public school auditorium of Schenley High School in the City of Pittsburgh; that by letter dated September 27, 1948, they requested use of said auditorium for a series of public lectures on four Sunday afternoons, October 10, 17, 24 and 31 from 1:00 p.m. to 5:00 p.m. each afternoon; that they offered to pay the prevailing rental charges; that on September 30, 1948, they were advised by H. W. Cramblet, assistant secretary of appellee school board, that it was impossible to grant the request in view of a rule adopted by the school board which provided: "Permits shall not be granted to anyone for any religious or sectarian purpose"; that denial to them and permission to others to have use of the same auditorium for public meetings constituted arbitrary discrimination, denying to appellants the right of due process of law under the Fourteenth Amendment of the Constitution of the United States, as well as under the Constitution of the Commonwealth of Pennsylvania; that the laws of Pennsylvania provide for use

of school auditoriums as public meeting and assembly places upon application by responsible citizens and residents of the community where the school is located; that appellants' request was in compliance with the statutory requirement; that appellees had a legal ministerial duty to issue the requested permit to appellants, but arbitrarily refused to do so; that denial to appellants of the requested permit amounts to an unconstitutional application of the Pennsylvania statute and authorizes said board to permit the use of schools in an unconstitutional manner; and, that appellants have no other adequate and complete remedy.

A writ of alternative mandamus issued forthwith, returnable November 15, 1948. Subsequent thereto, on November 10, the return day of the writ of alternative mandamus was extended to November 22, 1948. Appellees, on November 19, 1948, filed "Preliminary Objections by Way of Demurrer" averring that appellants are a religious cult or sect; that the desired use of the school auditorium facilities was for religious or sectarian purposes; that there is no averment in the complaint that others were permitted to use the school auditorium for the purpose of holding religious or sectarian meetings; that appellants did not challenge the legality or the reasonableness of the rule of the board prohibiting the granting of permits for use of public school buildings for religious or sectarian purposes; that the laws of Pennsylvania provide, with regard to the use of school auditoriums as public meeting and assembly places, that the board of school directors may permit the use thereof for "social, recreation, and other purposes, under such rules and regulations as the Board may adopt"; and, that the complaint clearly discloses that appellees acted in a legal manner, in compliance with the Constitution and laws of the Commonwealth of Pennsylvania and without violating any constitutional rights of appellants.

Appellants contend that (1) the words "and other proper purposes" include religious and sectarian purposes, and (2) although the grant of power to the board to permit use of the auditorium was permissive and not mandatory, denial of use of the auditorium to appellants while permitting it to others, although for non-sectarian or non-religious purposes, effected a denial of equal protection of the laws in that there could not be conferred on the board "power to arbitrarily exclude one class of permissive use of the auditoriums while allowing another class of permissive use. It was their duty to make the buildings available to all classes of persons when they were made available to any one group for meeting purposes."

Appellees contend that (1) religious and sectarian purposes are not within the scope of the words "social, recreation, and other proper purposes"; and (2) the rule represents a proper exercise of discretion.

The Act of May 18, 1911, P.L. 309, Section 627, as amended by the Act of March 31, 1927, P.L. 87,[1] is the source of the power exercised by appellees. This Act provides: "The board of school directors of any district may permit the use of its school grounds and buildings for social, recreation, and other proper purposes, under such rules and regulations as the board may adopt, and shall make such arrangements with any city, borough, or township authorities for the improvement, care, protection, and maintenance of school buildings and grounds for school, park, play, or other recreation purposes, as it may see proper, and any board of school

---

[1] This Act was specifically repealed by the Act of March 10, 1949, P.L. 30, Art. XXVII, Section 2701. It has been reenacted almost verbatim by Art. VII, Section 775 of that Act, and further amended by the Acts of April 14, 1949, P.L. 460, Section 2, April 21, 1949, P.L. 702, Section 1, and May 12, 1949, P.L. 1278, Section 1, 24 PS Section 7-775.

directors may make such arrangements as it may see proper with any officials or individuals for the temporary use of school property for schools, playgrounds, social, recreation, or other proper educational purposes, primaries and elections."

Pursuant to the above provisions of the School Code, appellees adopted Section 416 of its rules and regulations quoted above. The legislature has delegated to the board of school directors of any school district the power to permit use of the school grounds and buildings for certain proper purposes under such rules and regulations as the board may adopt. Judicial review of the actions of a board must be restricted to the reasonableness thereof: *Regan, et al. v. Stoddard, et al.*, 361 Pa. 469, 65 A. 2d 240; *Commonwealth ex rel. v. Sunbury School District*, 335 Pa. 6, 6 A. 2d 279; *Wilson v. School District of Philadelphia*, 328 Pa. 225, 195 A. 90. It cannot encompass consideration of the wisdom of the action taken.

Whether the school property shall be used by any group at all is a matter resting within the discretion of each board of school directors. This court is not a superboard of school directors in performance of an official duty. The legislature has delegated this power to the school boards, not to the courts. In the absence of any proof of unreasonableness or an arbitrary or capricious exercise of the power, the judgment of the board must stand.

Appellants do not deny the existence of the discretion in the use of the power. They contend, however, that permission must be given to all or none, and that exercise of the power cannot be partial, but must be complete. There is nothing in the statute, nor do we know of any rule of statutory construction which supports such a contention. To the contrary, the principle is so well established as to need no citation of author-

ity that unless the delegation of power to a given body or person contains specific restrictive language, no obligation or requirement is imposed requiring that the power be exercised in full or not at all. Exercise of less than the full power may be successfully challenged only where it can be shown that it has been exercised in an arbitrary, capricious, or discriminatory manner. The burden of showing such clear abuse of discretion is a heavy one.

Appellants, in their complaint, have failed to sustain this burden. The complaint does not contain any averment that any group has been accorded use of the premises for religious and sectarian purposes. A finding that any other person or persons similarly situated has been permitted the use which has been denied to appellants could not properly be made. There is nothing in the complaint which would warrant a finding that the exercise of the power by the school board was unreasonable or arbitrary.

In holding that no facts have been averred in the complaint establishing abuse of discretion by the board, it becomes unnecessary to determine at this time the scope of the words "and other proper purposes", and "other proper educational purposes".

Judgment affirmed.