## Save Our School Committee v. Bristol Township School District

*Harry J. Agzigian*, for plaintiff.
*Edwin N. Popkin* and *Samuel Glantz*, for defendants.

BORTNER, *J.*, December 18, 1979—

### FINDINGS OF FACT

1. Plaintiff is the Save Our School Committee, an unincorporated association of parents whose children were enrolled in the Benjamin Franklin Middle School located in Bristol Township, Bucks County, Pa.

2. Plaintiff brings this action by and through Mr. and Mrs. Arnold J. Miller, trustees ad litem of the Save Our School Committee.

3. Mr. and Mrs. Miller, trustees ad litem of plaintiff Save Our School Committee, are the parents of Miss Randi Miller, who would have attended the Benjamin Franklin Middle School in September, 1978, and who now attends another school.

4. Defendant Bristol Township School District, a political subdivision of the Commonwealth of Pennsylvania, was in lawful possession of the Benjamin

Franklin Middle School by a certain lease dated January 1, 1955, by and between defendant Bristol Township School District Authority as lessor and defendant Bristol Township School District as lessee.

5. Defendant Bristol Township School District Authority, a municipal authority created and existing under the Pennsylvania Municipality Authorities Act of May 2, 1945, P.L. 382, 53 P.S §301 et seq., is the owner of the Benjamin Franklin Middle School.

6. By resolution dated January 19, 1978, the Bristol Township School Board, no longer a party in this action, closed the Benjamin Franklin Middle School.

7. After January 19, 1978, the Benjamin Franklin Middle School was unused and vacant.

8. By lease dated May 24, 1978, defendant school district leased the Benjamin Franklin Middle School to the Lower Bucks Christian Academy for a two-year period commencing on August 1, 1978.

9. The Lower Bucks Christian Academy presently occupies the building in question and operates an educational program for children in pre-kindergarten through grade 12.

10. Defendant Bristol Township School District Authority, pursuant to the requirements in its lease as lessor to defendant Bristol Township School District as lessee, approved the leasing of the Benjamin Franklin Middle School to the Lower Bucks Christian Academy.

11. Thomas R. Heslip, Chief of the Division of Physical Plant and Construction, Bureau of Educational Administration, Department of Education, Commonwealth of Pennsylvania, advised the defendant Bristol Township School District in a letter dated September 14, 1978, that permission had been

granted by his office to the defendant school district to lease the Benjamin Franklin Middle School by the terms of the May 24, 1978 lease agreement with the Lower Bucks Christian Academy.

## DISCUSSION

The parties are agreed that the sole issue for determination by this court is whether the leasing of the Benjamin Franklin Middle School to the Lower Bucks Christian Academy is permissible under the Pennsylvania Public School Code of March 10, 1949, P.L. 30, 24 P.S. §1-101 et seq. Plaintiff had averred in its complaint that the lease in question violated express provisions of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania, but those assertions have been abandoned. Plaintiff complains that the said lease is illegal under the Public School Code of 1949, generally, and section 7-709 of that code in particular.

Section 7-709 provides, in part, that: "The board of school directors of any district may lease for any lawful purpose, other than educational use, unused and unnecessary lands and buildings of the district pending the sale thereof or until such time as the board shall decide again to make use thereof for school purposes. . . ."

The ambiguous clause in section 7-709 is "other than educational use." Does this mean that any rental for lawful purposes is permissible *except* for educational uses? Or, should the statute be read to mean that a rental is proper if it is for any lawful purpose, *besides* an educational use? It is not clear if the phrase seeks to exclude rentals for educational purposes or to inform school directors that

their unused educational buildings may *also* be properly leased for *other legitimate purposes.*

Fortunately, this court need not grapple with this single enigmatic statute. The agreement of all counsel and parties that the whole Public School Code of 1949 should be employed for a determination of the legality of the lease in question provides this court with more specific and relevant law. 24 P.S. §7-775, paragraph 3, states that: "The board of school directors of any school district shall have power and authority to lease any part of their respective school building, equipment, and premises, or any vacant building, for any educational purpose. . . ."

This court finds that section 7-775 serves to clarify the nebulous phrasing of section 7-709. The Statutory Construction Act of November 25, 1972, P.L. 707, 1 Pa.C.S.A. §1501 et seq., reinforces this view with 1 Pa.C.S.A. §1932, Statutes in pari materia, which states that: "(a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class or persons or things. (b) Statutes in pari materia shall be construed together, if possible, as one statute."

This court concludes that the language of section 7-709 (approved August 26, 1953, P.L. 1451, sec. 1), makes implicit reference to section 7-775 (approved May 12, 1949, P.L. 1278, sec. 1), with the phrase "other than educational use." We conclude the phrase is used to introduce other possibilities aside from the obvious educational uses addressed in section 7-775 (paragraph 3).

24 P.S. §7-709 and 24 P.S. §7-775, paragraph 3, are in pari materia and it is possible for them to be construed together. The phrase "other than educational use" is an aside, not an exception.

School directors may lease their buildings to lessees who will use the buildings for educational purposes. All parties agree that the Lower Bucks Christian Academy utilizes the Benjamin Franklin Middle School for educational purposes.

Although the possible religious nature of the lessee's school program is not an issue in this matter, defendants provide an opinion from the Pennsylvania Attorney General in the form of a letter in which a school district was advised that it could properly lease an unused school building to a religious group for parochial school use: 1957 Op. Atty. Gen. No. 5, 12 D. & C. 2d 282 (1957).

Plaintiff's complaint contains no averments alleging nor do its proofs establish abuse of discretion by any of the defendants in deciding to lease the school. In any event, the burden of proving such abuse of discretion is a heavy burden.

The legislature has delegated to school directors the power to regulate the use of their school buildings. Judicial review of them must be restricted to the reasonableness thereof: Regan v. Stoddard, 361 Pa. 469, 65 A. 2d 240 (1949). In the absence of any proof of unreasonableness or an arbitrary or capricious exercise of the power, the judgment of the directors must stand: McKnight v. Board of Public Education, 365 Pa. 422, 76 A. 2d 207 (1950).

Defendants gave convincing evidence that this leasing arrangement was saving taxpayers more than $800,000. Certainly, plaintiff neither alleged abuse of discretion in this decision nor showed an arbitrary or capricious exercise of power in the leasing.

The leasing of the Benjamin Franklin Middle School was proper under the Public School Code of

1949 and defendants exercised their discretion lawfully in making this lease.

## ORDER

And now, December 18, 1979, it is hereby ordered, directed and decreed that the complaint in equity is dismissed.