## CHARLES A. BROWN *vs.* THE PROVISIONAL GOV-ERNMENT OF THE HAWAIIAN ISLANDS.

ASSUMPSIT. QUESTION RESERVED.

HEARING, SEPTEMBER 27, 1893. DECISION, NOVEMBER 25, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Where a salary has been paid to an officer *de facto*, acting under a color of title, the officer *de jure* cannot recover from the Government the salary of the office while he was out of the same. The Government is protected from paying it a second time, the title to the office not having been determined by a competent tribunal.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on the following agreed statement of facts, and questions of law involved reserved for the consideration of this Court by W. Austin Whiting, First Judge of the Circuit Court of the First Circuit:

Charles A. Brown, the plaintiff, on the 17th day of October, A. D. 1892, was the duly appointed assessor and collector of taxes for the First Division, to wit, the Island of Oahu; that previous to said date said plaintiff had held said office and performed the duties of the same for several years; that on said date said plaintiff was notified by E. C. Macfarlane, then Minister of Finance, that he, the plaintiff, was removed from his said office; that thereafter said Macfarlane gave to plaintiff a letter setting forth alleged causes of removal; that said plaintiff denied the power of said Minister to so remove him for the reasons that no charges had been preferred against him prior to said removal, nor any opportunity given to him to meet the witnesses against him or to be heard; and that by the tenure of his said office he could not be removed otherwise; that thereupon said Minister ap-

pointed one C. N. Spencer assessor and collector of taxes for said district, who thereupon took possession of the office provided for said assessor and of the books and papers appertaining to the office of assessor and collector of taxes for the First Division, and forcibly prevented the plaintiff from having access to the same, although the plaintiff was at all times ready and willing to perform the duties of said office and attempted to do so; that a suit was thereafter brought by the plaintiff against the said Spencer for the possession of said office and for an injunction against said Spencer's further usurping the same; that judgment was rendered for the plaintiff in said suit and an injunction allowed accordingly; that plaintiff thereupon resumed his said office and performed the duties of the same; that during the period said Spencer occupied said office, to wit, from October 31st, 1892, to February 28th, 1893, the defendant, the Hawaiian Government, refused to pay the plaintiff the salary allowed by law, to wit, the sum of nine hundred and ninety-eight 25-100 ($998.25), dollars, though the same was duly demanded; that the defendant paid said salary to said C. N. Spencer.

It is agreed that the parties hereto request the presiding Judge to reserve the question of law, whether or not the plaintiff is entitled to receive of the defendant said sum of nine hundred and ninety-eight 25-100 ($998.25) dollars, for salary for said period for determination by the Supreme Court; and further, that the records, exhibits and papers on file in the above mentioned suit, as well as in the writ of *quo warranto* taken out by said plaintiff against said C. N. Spencer, shall be made a part hereof.

It is agreed that if the question reserved is found for the plaintiff, judgment may be entered for the sum of $998.25 and interest from February 28, 1893; otherwise, for the defendant.

In the case of *Andrews vs. City of Portland*, 79 Maine, p. 484, the question was whether the plaintiff (the officer *de jure*), could recover of the city his salary from May 14, 1884,

to March 7, 1885, while the duties of the office were performed by one Decelle (the officer *de facto*), and the salary paid to him. The court there held that the plaintiff could recover, but the court in referring to courts of high authority, and particularly the New York Court of Appeals, where it had been held that a payment of the salary by the city to the officer *de facto* before the title to the office is determined, is a good defense to a claim by the legal officer, says : " Courts in some other States have followed the New York doctrine. Courts of high authority in several of the States have held that the officer having a legal title to the office may recover of the city the salary, notwithstanding it has been paid to the officer *de facto*. We have not attempted to analyze the cases and to try to reconcile them. They appear irreconcilable. Our court is uncommitted, and we come to the conclusion which seems to us best supported by reason and sound legal principles."

We are in exactly the same position as that court was ; and after a careful review of the authorities, our conclusion is based on what seems to us to be best supported by sound legal principles, and what is best for the public service. And we are of the opinion that the plaintiff cannot recover from the defendant in this case.

As appears from the agreed statement of facts and from the records of the Court, the plaintiff was holding the office and performing the duties of assessor and collector of taxes for the First Division when he was removed from office by the then Minister of Finance, the plaintiff protesting against his removal; but the Minister exercising his authority to appoint, appointed C. N. Spencer to fill the office vacated by the removal of plaintiff, said Spencer took possession and performed the duties. Plaintiff then brought a proceeding in equity for possession of said office and for an injunction against said Spencer's further usurping the same, which resulted in a judgment being rendered for the plaintiff and an injunction was allowed accordingly on February 28th, 1893, the date up to which the plaintiff

claims the salary. There is also on file with the records a copy of the resolution passed at a meeting of the then Cabinet as follows: "That C. A. Brown, assessor for the Island of Oahu, be removed from this office for reasons stated to this Cabinet and which are deemed sufficient under the law." This is signed by all the four members of the Cabinet. We also find on file with the records a copy of the appointment of C. N. Spencer to the office in question signed by the then Minister of Finance. So we see that Mr. Brown was formally removed from office, and Mr. Spencer was formally appointed to the vacated office; he was not there without authority or color of title; he was acting under a commission from the Minister of the department where he had to pay in the taxes collected by him and where he had to draw his salary; he was the *de facto* officer transacting the business of his office with the department; he had the apparent title to the office and the salary attached thereto.

In Mechen on Public Officers, we find at Sec. 332 the following: "It is held that if payment of the salary or other compensation be made by the government in good faith to the officer *de facto*, while he is still in possession of the office, the government cannot be compelled to pay a second time to the officer *de jure* when he has recovered the office, at least where the officer *de facto* held by color of title." "It is plain," says Andrews, J., "that in many cases the duty imposed upon the fiscal officers of the State counties or cities to pay official salaries, could not be safely performed unless they are justified in acting upon the apparent title of claimants. But it often happens that * * * the apparent title is overthrown and another person is adjudged to be rightfully entitled to the office. But this can seldom, if ever, be ascertained except after a judicial inquiry. And in case of an appointed officer, the validity of the appointment often depends upon complicated questions of law and fact. * * * It would be unreasonable, we think, to require them before making the payment to go behind the commission and investigate and

ascertain the real right and title, this in many cases would be impracticable. Disbursing officers charged with the payment of salaries have, we think, a right to rely upon the apparent title, and treat the officer who is clothed with it as the officer *de jure* without enquiring whether another has the better right."

*Dolan vs. Mayor*, 68 N. Y. pp. 280 and 281.

In this case the Court also intimates that where the salary of the office is paid to the officer *de facto*, he is liable on an action for money had and received by the officer *de jure* to recover it. And in the case of *Nichols vs. Machesan*, 101 N. Y., p. 534, the court says: "And in England from an early day an action for money had and received would lie in behalf of one entitled to an office to recover the accustomed fees of the office received by an intruder." See also *Glasscock vs. Lyon*, 20 Ind., 1.

In the case of *McVearny vs. The Mayor*, 80 N. Y., p. 185, it is held that "a municipal corporation, whose disbursing officer has once made payment of the compensation given by law to an office to one actually in the office discharging its duties with color of title and with his right thereto not determined against him by a competent tribunal, is protected from a second payment." In the same case on pages 193 and 194, we find Folger, J., using this language: "It is then to be deduced from the cases in this State that as a general principle, the rendition of official service must precede a right to demand and recover the compensation given by law to the officer; that the disbursing officer of a municipality is protected from a second payment of that compensation, and so is his superior, when he has once made payment to one actually in the office, discharging the duties of it with a color of title, with his right thereto not determined against him by a competent tribunal." The learned judge cites a large number of cases in his opinion in support of his position.

There are a large number of cases of this nature arising and constantly before the New York courts, naturally so; it being such a large State, and having such a large number of offices to

be filled by election and appointment; contests are constantly taking place, consequently these cases get very full consideration, resulting in a large number of decisions. These decisions, in our opinion, should be given more than ordinary weight in weighing the authorities where there is a decided conflict, as there is on the question before us. Public policy demands, and the public have a right to expect and demand that the official functions of public officers shall be regularly and continuously discharged. It is important that the public offices should be filled, and that at all times persons may be found ready and competent to exercise official powers and duties, more especially in an office of this nature. If in a controversy arising as to the right to an office in possession even upon notice that another claims the office, the authorities could not pay the salary of the office to the officer *de facto*, except at the risk of having to pay it a second time should the contestant prevail, the public service would be greatly embarrassed and its efficiency impaired, and disbursing officers, for their own protection, would not pay the salary until the contest was over, and the legal title to the office determined by some tribunal, this would most certainly interfere with the discharge of official functions.

In the case of *The Auditors of Wayne County vs. Benoit*, 20 Mich., 176, it was held that "a person actually obtaining office with the legal indicia of title, is a legal officer until ousted, so far as to render his official acts as valid, as if his title were not disputed." Also that "no claim can be enforced against a county for the salary or perquisites of a county officer except for a period during which the claimant was the actual incumbent." In this case on page 181, Campbell, C. J., says: "Nothing but actual incumbency can make a person a legal officer, however much he may be entitled to obtain the office. And certainly, when a person stands of record as ousted and demanding the ouster of another whom he alleges to be wrongfully in office as a means of getting his own rights, it could not be claimed that the acts of the relator would be in any sense official acts.

The only valid proceedings in the name of the office must be those of the actual incumbent." And on p. 182: "And when a person duly certified has complied with the ceremonies and conditions incident to office, public policy would not be subserved by allowing his rights to be questioned in any other form than by a judicial trial." And on p. 183: "But the laws assume that the laborer is worthy of his hire, and the person who is required to be recognized for the time being as the legal incumbent for the purpose of doing the work, should be recognized for the purpose of remuneration also, so far as those are concerned with whom he deals officially and who have no personal interest in the contest for the office."

It was held in *Smith vs. Mayor of New York*, 37 N. Y., 518, that no claim could be brought for salary or perquisites against a municipal corporation covering any period when the claimant was not actually in office; and this was put on the ground that these are the rewards of express or implied services, and therefore, could not belong to one who could not lawfully perform those services, although wrongfully hindered from occupying a position in which he might render them.

In the recent case of *Henderson vs. Glynn*, 30 Pac. Rep., 265, decided in June, 1892, the court held that the *de facto* officer is entitled to the salary of the office, saying, "This seems to be the general doctrine in most of the States, in two or three, notably in the State of Maine, the reverse has been held, but they can only be regarded as exception to a general rule which appears to be well founded in reason and justice."

In view of the cases above cited and the large mass of authority supporting them, and for the reasons hereinbefore given, we feel no hesitation in adopting the rule laid down in the New York cases, that the officer *de jure* cannot recover from the authorities the salary of the office when it has been paid to the officer *de facto* while he was in possession of the same under color of title and performing the duties of said office.

On the point as to whether C. A. Brown was legally removed from office. This question was not reserved by the Court, and we do not consider that it is necessary to pass upon it, having found as we have above on the question of the liability of the defendant to pay the salary a second time, for we have held that even if the plaintiff was the officer *de jure* and entitled to the office, but out of possession, under the circumstances of this case, he could not recover from the defendant.

Judgment may be entered for the defendant.

*F. M. Hatch,* for plaintiff.

*W. O. Smith, Attorney-General,* for defendant.