## IN RE HERBERT C. AUSTIN.

### APPEAL FROM THE AUDITOR OF THE TERRITORY.

SUBMITTED JUNE 16, 1903.          DECIDED JUNE 27, 1903.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

The Governor has not authority to suspend an officer, who, by the terms
of Section 80 of the Organic Act, must be appointed and may be re-
moved by the Governor by and with the advice and consent of the
Senate and who is to hold for four years unless sooner removed.

The provisions of the Audit Act (Laws of 1898, Act 39) relating to the
suspension of the auditor were repealed by implication by the pro-
visions of Section 80 of the Organic Act, which are not only incon-
sistent therewith but indicate an intention to cover the whole sub-
ject.

#### OPINION OF THE COURT BY FREAR, C.J.

The appellant was suspended from the office of Auditor of
the Territory by the Governor for certain specified causes from
September 25, 1902, to December 1, 1902, when he was removed
from office by the Governor by and with the advice and consent
of the Senate. He now appeals from the refusal of the present
Auditor to issue a warrant for his salary for the period of his
suspension.

"The salary follows the title" as a rule (*Macfarlane v. Da-
mon,* 8 Haw. 19, 28) and the salary for the period in question
has not been paid to any other officer *de facto* (see *Brown v.
Prov. Gov't,* 9 Haw. 311). The question is whether the ap-
pellant was rightfully suspended, that is, whether the Governor
had the power to suspend.

The appellant contends that this is *res adjudicata* in his favor by reason of a judgment by a Circuit Judge in certain *mandamus* proceedings brought by him against certain officers to compel them to admit him to the possession, &c., of the office, the appeal from which judgment was withdrawn by said officers after this appellant's removal from office and the appointment of his successor. It is unnecessary to consider whether the matter is *adjudicata* or not, for we agree with the Circuit Judge in that case that the Governor did not have the power to suspend.

The President of the Republic of Hawaii had that power under Act 39, Laws of 1898. Section 1 of that Act provided for the appointment of an Auditor-General by the President with the approval of the Senate, to hold office during good behavior, subject to "be removed or suspended" as provided in Section 8. Section 2 provided somewhat similarly for a Deputy Auditor-General, except that appointment was to be on the nomination of the Auditor-General and with the approval of the Cabinet. Section 8 provided, that "the Auditor-General and Deputy Auditor-General may be suspended or removed from office at any time by the Executive Council," for certain specified causes, and that "any vacancy occurring through death, resignation, removal or suspension shall be filled by appointment of the President as prescribed in Sections 1 and 2." If these provisions were still in force, the powers of the President and of the Executive Council would now be in the Governor. Org. Act., Sec. 68.

But the offices of Auditor-General and Deputy Auditor-General were abolished by the Organic Act (Sec. 8), and the new offices of Auditor and Deputy Auditor were created, such officers however to have the powers and duties of the Auditor-General and Deputy Auditor-General under Act 39 of the Laws of 1898 but only "as amended by this (the Organic) Act" (Sec. 77), and it was expressly provided that the Governor "shall nominate and, by and with the advice and consent of the senate of the Territory of Hawaii, appoint the * * * auditor, deputy

auditor," &c. "He may, by and with the advice and consent of the senate of the Territory of Hawaii remove from office any of such officers. All such officers shall hold office for four years and until their successors are appointed and qualified, unless sooner removed," &c. (Sec. 80).

Looking at the Organic Act alone, it is clear that the Governor was not authorized to suspend the Auditor. We may assume for the purposes of this case that the power of appointment carries the power of removal in the absence of constitutional or statutory restriction, and even that the restriction that the appointment shall be by and with the advice and consent of the senate is not sufficient to prevent removal by the Governor alone, and yet it is clear that he could not remove alone when, as here, it is expressly provided that he may remove by and with the advice and consent of the Senate and when it is further expressly provided that the officer shall hold office for four years, &c., unless sooner removed, that is, in the manner specified. If the Governor cannot remove except by and with the advice and consent of the Senate, he cannot suspend alone. Courts differ as to whether the power of removal includes the power of suspension but we know of no authority in support of the proposition that the power of removal with the consent of the Senate and when the tenure is fixed by statute subject only to such removal includes the power of suspension without such consent.

We are further of the opinion that the provisions of Act 39 of the Laws of 1898 relating to suspension were repealed by the Organic Act. We need not say whether the provision in Section 8 for filling vacancies occurring through suspension, made suspension within the purview of that Act practically the equivalent of removal. The provisions relating to suspension, assuming it not to be the equivalent of removal, are inconsistent with the provision of the Organic Act that the officer shall hold for four years unless sooner removed. Moreover, the provisions of the Organic Act were evidently intended to cover this subject completely and not to leave in force stray incidental words and

phrases here and there in the midst of other more substantial provisions which were wholly abrogated or replaced by other provisions. *The Paquete Habana,* 175 U. S. 677, 685. The provision in Section 6 of the Organic Act which continued in force the laws of Hawaii, expressly applied to only such laws as were not inconsistent with the Constitution or laws of the United States or the provisions of the Organic Act.

The Auditor should have issued the warrant. As to its approval by the Governor after its issuance, as required by Section 116 of the Audit Act, we have nothing to do in the present case.

The appeal is sustained and the Auditor is directed to issue a warrant or warrants to the appellant for his salary as Auditor from and including September 26, 1902, to and including November 30, 1902.

*C. W. Ashford* for appellant.

*Attorney General L. Andrews* for the Auditor.