GELACIO N. DAOANG, Plaintiff-Appellant, *v.* DEPARTMENT OF EDUCATION, STATE OF HAWAII, Defendant-Appellee

NO. 6606

CIVIL NO. 49653

JULY 7, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

---

OPINION OF THE COURT BY RICHARDSON, C.J.

The issue presented on this appeal is whether HRS § 78-3 (1976)[1] which mandates the retirement of all public employees at age 70 violates the equal protection and due process clauses of the Hawaii Constitution, article I, section 4 (as amended and renumbered article I, section 5 (1978).). The trial court affirmed the constitutionality of section 78-3, granting defendant-appellee's motion for summary judgment. For reasons which are set forth in this opinion, we affirm the decision of the trial court.

---

[1] Section 78-3 reads as follows:
Age limit. No person who has attained the age of seventy years shall be employed by the State or any county, whether by appointment or contract, except when no one else is available and then no longer than periods of six months at a time; provided that the foregoing age limitation shall not be applicable to foster grandparent positions in the State foster grandparent program or to the temporary employment of senior citizens in projects for which they are the most suitable or desirable persons to hire or to programs specifically designed to utilize senior citizens.

## I. STATEMENT OF THE CASE

Gelacio N. Daoang (hereinafter appellant) was employed by the Department of Education, State of Hawaii (hereinafter appellee) as a school custodian at Royal Elementary School in Honolulu, Hawaii. Prior to reaching his seventieth birthday, appellant was informed by appellee that he would no longer be able to work as a state employee when he became 70 years old.

As a result, on October 14, 1976, appellant filed a complaint seeking declaratory and injunctive relief to invalidate Section 78-3 on constitutional grounds. He argued that the statute violated the equal protection and due process clauses of the Hawaii Constitution. On November 24, 1976, three days before his birthday, appellant filed a Motion for a Temporary Restraining Order and a Motion for a Preliminary Injunction. On November 24, 1976, the court below issued a temporary restraining order which was to last for ten days. However, that period was extended after counsel for appellant and appellee stipulated that the restraining order would remain in effect until the hearing on the Motion for a Preliminary Injunction was held.

Subsequently, on February 11, 1977, appellee filed a Motion for Summary Judgment. On April 6, 1977, the trial court granted the appellee's motion. On May 5, 1977, appellant filed a notice of appeal.

## II. DISCUSSION

### A. THE CONSTITUTIONALITY OF SECTION 78-3 UNDER THE EQUAL PROTECTION CLAUSE.

Appellant contends that section 78-3 infringes upon a fundamental right to work and, therefore, that this court should review the statute under a standard of review more rigorous than the rational basis test. He cites *York v. State of Hawaii,* 53 Haw. 557, 498 P.2d 644 (1972), and *Nelson v. Miwa,* 56 Haw. 601, 546 P.2d 1005 (1976), for the proposition that a statute which affects an individual's freedom to work must have a "fair and substantial relationship" to important governmental interests. Based on these cases, appellant would have us strike down section 78-3 as unconstitutional because it fails to satisfy the "fair and substantial relationship" test.

In light of our recent decision in *Nagle v. Board of Education*, 63 Haw. 389, 629 P.2d 109 (1981), which followed the *York, supra,* and *Nelson, supra,* cases, we reject the appellant's arguments. Instead, based on *Nagle,* we hold that section 78-3 does not infringe upon a fundamental right to work and, therefore, need only satisfy the rational basis test under the equal protection clause.

In *Nagle,* appellant, a public intermediate school teacher, argued that HRS § 297-15 (1976) which mandated the retirement of public school teachers at age 65,[2] violated the equal protection and due process clauses of the Hawaii Constitution. This court upheld the constitutionality of the statute under the rational basis test because we concluded that mandatory retirement provisions do not infringe upon any fundamental right to work. This court stated in *Nagle,* 63 Haw. at 399, 629 P.2d at 116:

> While it is true that a statute must withstand the strict scrutiny test where a fundamental right is involved, *San Antonio School District v. Rodriguez,* 411 U.S. 1 (1973); *Shapiro v. Thompson,* 394 U.S. 618 (1969), this court has already held that the right to work is not fundamental and that, therefore, only the rational basis test applies. *Maeda v. Amemiya,* 60 Haw. 662, 594 P.2d 136 (1979).

Moreover, we pointed out that the rational basis test is the appropriate standard in age discrimination cases given prevailing trends in federal law.[3]

Since the rational basis test is the proper standard of review over section 78-3, our inquiry concerning the constitutionality of the statute is whether it has a reasonable relationship to legitimate state interests. *Nagle,* 63 Haw. at 393, 395, 629 P.2d at 112, 113. As we emphasized in *Nagle,* 63 Haw. at 396, 629 P.2d at 114, judicial review

---

[2] Section 297-15 provides:

Age limit.   No teacher or educational officer in the department of education who has attained the age of sixty-five years shall be employed by the department of education, whether by appointment or contract, except when no qualified person is available and then only under contract for periods not to exceed one year at a time. No teacher or educational officer who has attained the age of seventy years shall be on appointment or contract.

[3] In *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307 (1976) and *Vance v. Bradley,* 440 U.S. 93 (1979), the United States Supreme Court held that the rational basis standard is the applicable test where age discrimination is alleged. This court decided to follow this holding in the *Nagle* case because we were persuaded by the reasoning of the Supreme Court in the *Murgia* decision.

over a statute under the rational basis test is a very limited one. Instead of engaging in a rigorous examination of the objectives behind the legislative enactment, the court will only seek to determine whether any reasonable set of facts can be conceived to uphold the challenged statute. *Id.*, 63 Haw. at 393, 396, 629 P.2d at 112, 114; *State v. Cotton*, 55 Haw. 148, 516 P.2d 715 (1973); *State v. Johnston*, 51 Haw. 195, 456 P.2d 805 (1969).

Under the rational basis test, appellee hypothesizes in the instant case several state objectives to support section 78-3. It argues that section 78-3 furthers a state interest in creating employment opportunities for young people by mandating the retirement of 70-year-old employees. In addition, appellee points out that the statute advances a state interest in maintaining an efficient government work force through the retirement of public employees whose physical and intellectual skills generally decline with age. Finally, it contends that section 78-3 supports a state interest in administrative convenience.

On the other hand, appellant argues that the reasons offered by the appellee for retiring public employees at age 70 are untenable even under the rational basis standard. He challenges the appellee's assertion that section 78-3 has a rational relationship to the goal of improving employment and promotion opportunities for young people. Appellant points out that the forced retirement of elderly workers has made little impact on the employment market since the number of job positions already held by employees age 70 and older are relatively small.[4] Moreover, appellant argues that mandatory retirement is an unfair method for creating additional employment positions for young workers because such a policy merely saddles one age group with unemployment to relieve the unemployment problems of another age group. He asserts that the creation of a few jobs for young teachers does not justify the economic hardship which older instructors will experience through mandatory retirement. Finally, appellant contends that section 78-3 does not

---

[4] Appellant refers to a 1976 actuarial report which shows that out of 14,399 general male employees (a category which excludes teachers, policemen and firemen), there were 940 employees between the ages of sixty and sixty-four, 183 between the ages of sixty-five and sixty-nine, and 8 between the ages of seventy and seventy-four.

further a state objective in insuring the competency of the work force. Appellant points out that an employee's physical and intellectual condition is largely an individual matter in that he and others like him remain fit to work despite the fact that they have attained the age of 70.

Cognizant of the fact that judicial review under the rational basis test is a limited one, we hold that the appellee's arguments rationally support the constitutionality of section 78-3. First of all, we agree with the appellee that section 78-3 has a rational relationship to increasing work opportunities for young employees. It is reasonable to assume that mandatory retirement has made at least a few jobs available for young employees. These employment positions would necessarily be withheld from young job applicants if the State allowed older employees to retain the limited number of public sector jobs.

Moreover, we disagree with the appellant that section 78-3 is unconstitutional simply because the effect of the statute is to open up only a relatively small number of jobs for young employees. As this court recognized in *Nagle,* 63 Haw. at 396, 629 P.2d at 114, the constitutionality of a statute under the rational basis test does not depend upon whether it provides a perfect solution to a problem. If a statute furthers a state objective even to the slightest degree, this court will affirm its validity. *See also Dandridge v. Williams,* 397 U.S. 471, 485 (1970). Therefore, the fact that section 78-3 has produced any turnover in employment for young job applicants is enough to satisfy the rational basis test.

In addition, this court does not share the appellant's position that we overturn section 78-3 if we conclude that the statute operates unfairly against the elderly. As we stated in *Nagle,* 63 Haw. at 394-95, 629 P.2d at 112-13, this court will not interpose its judgment for that of the legislature's in assessing the fairness of a mandatory retirement statute to the elderly under the rational basis test. Regardless of the hardships to elderly workers, we are satisfied that section 78-3 is constitutional to the extent that it furthers a state interest in improving job prospects for young employees.

This court also agrees with the appellee that section 78-3 advances a state interest in preserving the competency of the public work force. We recognized in *Nagle,* 63 Haw. at 397, 629 P.2d at 114-15, the common sense proposition that the physical and mental

skills of individuals generally decline with age. Because a quality public work force depends upon the involvement of able-bodied, mentally alert individuals, mandatory retirement statutes serve a legitimate state interest by retiring employees at an age when their physical or mental abilities are declining in general.

Moreover, the fact that appellant Daoang and other employees like himself may be physically and mentally fit to work does not affect the constitutionality of section 78-3 under the rational basis test. Since there is at least a reasonable, although not a precise, relationship between advanced age and declining physical and mental skills, we conclude that the goal of retiring employees whose competency may be impaired by advancing years is a valid state interest.

Finally, this court agrees with the appellee that section 78-3 supports a state interest in administrative convenience. As this court recognized in *Nagle*, 63 Haw. at 397-98, 629 P.2d at 115, the requirement of mandatory retirement for all 70-year-old employees obviates the necessity for time-consuming hearings in which the competency of each job applicant would be reviewed on an individualized basis. To the extent that mandatory retirement relieves the State of additional personnel and paperwork involved in case-by-case hearings, section 78-3 furthers a state interest in administrative convenience.

Because section 78-3 has a reasonable relationship to legitimate state objectives, we hold that the statute is not violative of the equal protection clause of the Hawaii Constitution.

B.    THE CONSTITUTIONALITY OF SECTION 78-3 UNDER THE DUE PROCESS CLAUSE.

Appellant argues that section 78-3 violates the due process clause of the Hawaii Constitution because the statute creates an irrebuttable presumption that employees generally lack the mental and physical skills to continue working beyond the age of 70. We disagree with the appellant that the existence of this irrebuttable presumption affects the constitutionality of section 78-3.

This court stated in *Nagle*, 63 Haw. at 404, 629 P.2d at 118-19, that in cases involving neither suspect classifications nor fundamen-

tal rights, we will uphold the constitutionality of a statutory presumption if it has a rational basis. Moreover, in *Nagle*, 63 Haw. at 400, 404, 629 P.2d at 116-17, 119, we held that there is a reasonable basis for the presumption that an individual's physical and intellectual skills generally decline with age.

In the instant case, this court has already concluded that the presumption in section 78-3 concerning the mental and physical qualifications of 70-year-old employees is reasonable and, therefore, constitutional. Since the presumption has a rational basis, we hold that section 78-3 does not violate the due process clause.

### III.  CONCLUSION

In sum, the trial court decided correctly in affirming the constitutionality of section 78-3. Since the statute has a rational relationship to legitimate state objectives, we hold that section 78-3 is constitutional under both the equal protection and due process clauses of the Hawaii Constitution.

Accordingly, we affirm the judgment of the trial court.

*Paul A. Tomar (Stanley E. Levin* with him on the briefs), Legal Aid Society of Hawaii, for plaintiff-appellant.

*Lawrence D. Kumabe,* Deputy Attorney General, for defendant-appellee.