## Cary, Appellant, *v.* Lower Merion School District et al.

Argued May 24, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James J. Regan, Jr.,* with him *Harry J. Alker, Jr.,* for appellant.

*John E. Flynn,* with him *Henry R. Heebner* and *High, Swartz, Flynn & Roberts,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, June 24, 1949:

This mandamus proceeding deals with the right of a School Board to retire a teacher on age.

That such right exists is beyond question. The Act of June 20, 1939, P. L. 482, amending section 1205 of the School Code of May 18, 1911, P. L. 309, provides "That from the effective date of this act until the first day of July, one thousand nine hundred forty-one, boards of school directors . . . may . . . terminate the service of any professional employe who has attained to the age of sixty-eight; from the first day of July, one thousand nine hundred forty-one until the first day of July, one thousand nine hundred forty-three, any professional employe who has attained to the age of sixty-six; from the first day of July, one thousand nine hundred forty-five, any employe who has attained to the age of sixty-four; *and on and after the first day of July, one thousand nine hundred forty-seven, any professional employe who has attained to the age of sixty-two."* *

---

* The new Public School Code of 1949 provides in section 1122 for a compulsory retirement of professional employes upon attaining the age of sixty-two.

On February 16, 1948 the Directors of the Lower Merion School District in Montgomery County passed a resolution stating that both the official local school records and the official records in the office of the School Employees' Retirement Board in Harrisburg showed that Mrs. Katherine Cary, a teacher in the public schools of the District, had reached retirement age on November 25, 1947; she was accordingly notified of her retirement from service as of February 28, 1948. She thereupon filed the present complaint praying that she be reinstated in her position; she averred that no charges had been preferred against her, no hearing had been afforded her, and no opportunity had been given her to reply to the allegation that she had attained the age of retirement. The School District filed an answer averring that she had promised the Superintendent that she would produce a birth certificate to prove her age but she had failed to do so; the Board therefore acted on the assumption that she had reached the age of sixty-two years on November 25, 1947, because the date of her birth, according to the records of the School District, was November 25, 1885. Plaintiff moved for judgment on the pleadings. The court refused the motion.

Where judgment is sought on the pleadings the averments of the answer must be taken as admitted. The School District's allegation that plaintiff, according to its records, had attained the age of sixty-two must therefore be accepted as true. She herself cannily refrained in her complaint from stating her age. As far as her right to a hearing is concerned, such a right exists only where a School Board seeks to dismiss a professional employe for one of the causes specified in the Act, namely, immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, or persistent and wilful violation of the school laws of the Commonwealth. Since charges of that nature are an

attack on character and competency the law properly provides that in order to defend against them the employe is entitled to a formal hearing, but such a hearing is not required by the School Code where the employe's contract is terminated in accordance with the provision for retirement on age: *Christ v. Rayne Township School District,* 145 Pa. Superior Ct. 438, 442, 443, 21 A. 2d 417, 419; *Miller v. Stoudnour,* 148 Pa. Superior Ct. 567, 571, 572, 26 A. 2d 113, 115; Cf. *Smith v. Philadelphia School District,* 334 Pa. 197, 205, 206, 5 A. 2d 535, 539. It may be added that even if, as plaintiff contends, she *was* entitled to an opportunity to be heard, she was obliged by the terms of her contract as prescribed in section 1205 of the Act to present a written request therefor within ten days after receiving notice of termination. It does not appear that she ever made any such request.

The order refusing judgment is affirmed.