Hopfer, Appellant, *v.* Oklamchak.

Argued January 8, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Joseph F. O'Kicki,* with him *Arnold D. Smorto,* and *Smorto & Creany,* for appellant.

*Ferdinand F. Bionaz,* for appellees.

OPINION BY MR. JUSTICE COHEN, April 17, 1962:

Mabel Hopfer, plaintiff-appellant, served the Portage, Pennsylvania school district as an elementary school teacher for forty-three years prior to 1960. In the spring of that year, appellant received a letter from the employer school district notifying her that her professional contract would not be renewed, since prior to the opening of the 1960-61 school term, she would reach age sixty-two. Under a 1959 resolution of the school district, male professional employees had to retire up-

on reaching age sixty-five and female professional employees had to retire upon reaching age sixty-two.

Despite this notice, appellant attempted to report for work at the opening of the 1960-61 school term. Her supervisor, however, refused to assign her to classes. Appellant then filed a complaint in mandamus against the directors and officers of the school district seeking to compel them to reinstate her. Following appropriate proceedings, the court below held that appellant's forced retirement was valid and dismissed the complaint.

Underlying this dispute is a change in the provisions of the Public School Code of March 10, 1949, P. L. 30, §1122; May 9, 1949, P. L. 939, 24 PS §11-1122. As originally enacted, this section provided that the contract of a professional employee could be terminated involuntarily only for certain stated causes, one of which was attainment of the age of sixty-two. Whether or not retirement was to be required at this age, however, was at the discretion of the board of school directors. Such forced retirement for age has been upheld by this court. *Cary v. Lower Merion School District,* 362 Pa. 310, 66 A. 2d 762 (1949).

Thereafter, by the Act of January 5, 1952, P. L. (1951) 1833, as amended by the Act of June 1, 1956, P. L. (1955) 1973, 65 PS §§201-209, employees of the Pennsylvania public school system were granted the opportunity to qualify for benefits under the Federal Social Security Act which previously had been extended to state employees who elected to come within its coverage.

In order to make this extension of benefits meaningful, the General Assembly then enacted the Act of June 28, 1957, P. L. 395, amending §1122 of the Public School Code. This amendment limited the right of the school board to require retirement at age sixty-two by excepting professional employees who had joined the old age

and survivors insurance system pursuant to the Act of 1956. The amendment, in part, provided: "In such case the board may terminate the service of any such professional employe at the age at which the employe becomes eligible to receive benefits under the Federal Social Security Act: Provided, That the services of such employe shall not be terminated before age sixty-two."

Since a 1956 amendment to the Social Security Act itself had reduced the age at which a female became entitled to benefits to sixty-two, while retaining the male age of retirement at sixty-five, 70 Stat. 809 (1956), 42 U.S.C. §416(a), the effect of the 1957 Public School Code amendment was to permit male professional employees who elected to join the insurance system to remain in service to age sixty-five, and thereby become eligible for benefits. Male professional employees who did not join the system and *all* female employees, regardless of whether or not they joined, were still subject to forced retirement at age sixty-two.

Appellant would have us treat this case as one of invalid discrimination between the sexes because the resolution of the school board sets male retirement at age sixty-five, but requires female retirement at age sixty-two (the resolution itself does not appear in the record) without distinguishing between males who have joined the Social Security System and those who have not. Also, appellant argues, apart from this first contention, that she was not eligible to receive benefits under the Federal Social Security Act at age sixty-two and, hence, could not be retired at that age. We disagree with both contentions.

The specific terms of §1122 of the Public School Code, recited above, limit a school board's power to compel retirement for age only with respect to employees who join the Social Security System. The resolution passed by the school board requiring females to retire at sixty-two and males at sixty-five can only

be interpreted in this light. By its rather inarticulate resolution, the school board was apparently attempting to incorporate into the local regulations the age provisions of §1122 of the Public School Code and of the Social Security Act. Accordingly, the three-year extension for males contained in the resolution is necessarily limited by §1122 of the Public School Code only to those males who have joined the insurance system, since the age extension in §1122 was designed specifically to protect such persons.

Moreover, any resulting discrimination between the sexes is a discrimination stemming from the classification found in the Social Security Act itself since Pennsylvania has made eligibility to receive benefits under the Act the limits of its statutory exception.

It was within Congress's legislative competence in providing differing ages for the receipt of benefits by males and females under the Social Security Act to consider the varying characteristics and needs of the sexes. Indeed, the distinction in the age requirements is for the protection of women, who are entitled to receive benefits three years earlier. The propriety of this determination is not subject to judicial interference. Any inequity which might result or any disagreement with the policy thus established should be corrected legislatively.[1]

Turning to appellant's second argument, we gather that it involves two points: first, that an employee is not "eligible" until he chooses to file for benefits and,

---

[1] See amendment to §1122, 1961, July 26, P. L. 891, wherein the section was amended to provide that: "the board may terminate the service of any such professional employe [one who is a member of the old age and survivors insurance system] at the age of sixty-five or at the age at which the employe becomes eligible to receive *full benefits* under the Federal Social Security Act." (Emphasis supplied). The present case would not have arisen had the amendment been in force at the time appellant was discharged.

second, that since a female may wait until age sixty-five to apply for full benefits, and thereby, receive a larger sum than if she applied at age sixty-two (at which age she receives only partial benefits), she is eligible only when she elects to apply.

The legislative language is clear. The word "eligible" in this context means only that an individual has fulfilled the requirements for receipt of benefits and is entitled, therefore, to elect to receive them. This contemplates that while an individual may not elect to receive benefits at age sixty-two, his failure so to elect in no way detracts from his "eligibility" under the Social Security Act. Since the person has fulfilled all the requirements prerequisite to receiving the benefits, he may secure the payments whenever he so desires. Consequently, there is no merit to the argument that appellant was not thus "eligible" for her benefits under the Social Security Act. They were and are available to her at her election.

Order affirmed.

Mr. Chief Justice BELL concurs in the result.