**Seaside Oil Corporation v. Ray**

*Frederick L. Fuges,* for plaintiff.
*Curtin & Heefner,* for defendants.

GARB, J., October 24, 1969.—This is an action in equity in which plaintiff seeks specific performance by the conveyance of certain property owned by defendants pursuant to the alleged terms of a lease originally executed by Tidewater Oil Company and defendants. The matter is now before the court for disposition of cross motions for judgment on the pleadings ostensibly pursuant to rule 1034 of Pennsylvania Rules of Civil Procedure. In view of the disposition of these motions, a detailed recitation of the facts is not necessary.

At sometime during 1966, Tidewater Oil Company, a Delaware corporation, was the owner of certain real estate located and situated in the Township of Falls, Bucks County, Pa. Tidewater entered into an agreement of sale with defendants herein in which it agreed that the premises would be conveyed to defendants and that defendants would give back a lease for a portion of the premises for use as a gasoline service station. The lease was to run for a term of 20 years with rights in Tidewater to renew under the same terms for two additional periods of five years each. The lease further provided that in the event that defendants were to entertain a bona fide offer to purchase the leased premises, Tidewater was to have a preemptive right to purchase the said premises for similar terms. The lease further provided that defendants were not to use that portion of the premises conveyed but not included in the lease for the purpose of storage, sale, distribution or advertising of petroleum products. The lease contained no restriction on assignment by Tidewater. The lease was ultimately

recorded in the office for the Recording of Deeds by and for the County of Bucks.

A good faith offer was made to defendants to purchase the demised premises, and pursuant to notice of same by defendants to Tidewater, Tidewater notified defendants of its election to exercise its preemptive right to purchase the said premises on the terms set forth. At or about the same time, it is alleged in the complaint and not controverted by defendants, Tidewater merged with and became Getty Oil Company. It is further alleged in the complaint, and apparently controverted by defendants' answer, that Getty Oil Company, as the successor to Tidewater, assigned its preemptive right to purchase the demised premises to plaintiff herein. Simply stated, the controversy between the parties is not over whether defendants are bound to convey the demised premises,[1] but rather whether after the conveyance that portion of the premises not covered by the lease remains restricted as to use as set forth in the aforesaid lease.

The parties have directed their entire arguments to the ultimate merits of the controversy between them and have, we believe, ignored a vital factual issue which we find unresolved on the pleadings. These being motions for judgment on the pleadings, a final judgment should not be entered unless the case is clear and free from doubt. On consideration of the motion filed by plaintiff, since it is in the nature of a demurrer, the averments of the answer and every reasonable inference arising therefrom must be accepted as true. Judgment should be entered only where no meritorious legal defense is raised: Necho Coal Company v. Denise Coal Company, 387 Pa. 567 (1957); Bogojavlensky v. Logan, 181 Pa. Superior Ct.

---

[1] Although there apparently is a controversy as to whether the conveyance is to be to Tidewater, Getty or plaintiff.

312 (1956); Cary v. Lower Merion School District, 362 Pa. 310 (1949). By the same token, on the motion for judgment on the pleadings filed by defendant, the complaint and reply to averments of new matter in the answer are considered and all facts pleaded by plaintiff which are relevant and material must be accepted as admitted even though denied: Augenbaugh v. North American Refractories Company, 426 Pa. 211 (1967). Of course, inferences and conclusions drawn from a written instrument which is in the record, and asserted conclusions of law should not be considered or accepted as admitted: Id.

In paragraph 3 of its complaint plaintiff pleads the assignment by Getty to itself. In paragraph 3 of defendants' answer it is denied that plaintiff is the assignee of Getty. The answer further asserts that Getty *attempted* to assign its rights to plaintiff but that defendants are informed and, therefore, aver that the assignment as to plaintiff is a nullity and of no legal binding force and effect. While the latter portion of the answer to this allegation may constitute a legal conclusion not to be considered or accepted (Augenbaugh v. North American Refractories Company, supra), the first part of the answer is a clear traverse of the assertion of an assignment. The question of whether Getty's rights of preemption under the lease[2] have been assigned to plaintiff may be of vital importance to the ultimate determination of this controversy in order to determine whether plaintiff is a real party in interest, the question of whether the lease is merged in the equitable title acquired by Getty, or Tidewater, by virtue of its exercise of the preemptive right, and lastly to determine whether plaintiff can secure a decree of specific performance

---

[2] If Getty inherited Tidewater's rights by virtue of the merger.

compelling conveyance of the premises in question to it.

We recognize that in paragraph 17 of the complaint plaintiff has alleged that Getty assigned to plaintiff all of its right, title, interest, claim and demand in and to the aforesaid preemptive right as well as its interest in the agreement of sale covering the said premises. The answer thereto admits that Getty executed a document "purporting to be an assignment of all of its right, title and interest, claim and demand, in and to, the preemptive rights." While admittedly this answer is not a clear denial of the execution of the document in question, as is the answer in paragraph 3, when taken together these two allegations in the complaint and the answers thereto are ambiguous and unclear. When read together, we are unable to say that there is not a factual issue appearing on the face of the record herein with regard to the question of whether Getty's, or Tidewater's, right to preemption has been assigned to plaintiff. Unless this question can be established clearly on the record, judgment at this time is inappropriate.[3] Accordingly, we enter the following

### ORDER

And now, October 24, 1969, the motions for judgments on the pleadings filed respectively by plaintiff and defendants are both dismissed, denied and overruled.

---

[3] Although we find no Pennsylvania cases directly on point, the weight of authority would appear to be to the effect that where, as here, cross motions for judgment on the pleadings are filed, if a genuine issue of material fact is disclosed by the pleadings, the court should deny both motions; 59 A.L.R. 2d 494.