Frantz *v.* Baldwin-Whitehall School District.

640

Argued March 5, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Veto J. Rich,* with him *Margiotti, Rich & Gravina,* for appellant.

*Edward R. Lawrence, Jr..* with him *Edward R. Lawrence* and *Lawrence, Plum & Lawrence,* for appellee.

OPINION BY JUDGE MENCER, May 9, 1973:

In this appeal the appellant is Albert Frantz (Frantz) who has been a school teacher for a period of forty-one years. Frantz was employed by the Baldwin School District on September 6, 1955 and subsequently by its successor district, Baldwin-Whitehall School District (Baldwin-Whitehall), until June 25, 1971. A special meeting of the Board of School Directors of Baldwin-Whitehall (Board) was held on that date and action was taken to terminate Frantz's employment. Frantz was 62 years of age on June 25, 1971.

Frantz filed an action in mandamus for reinstatement and back pay. The lower court, sitting without a jury, tried the case and rendered a verdict, upon which judgment was entered, in favor of Baldwin-Whitehall and against Frantz. Exceptions to the verdict were filed by Frantz and after argument the lower court en banc dismissed the exceptions. This appeal followed and we affirm the court below.

Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §11-1122, reads as follows:

"The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe: Provided, That boards of

school directors may terminate the service of any professional employe who has attained the age of sixty-two except a professional employe who is a member of the old age and survivors insurance system pursuant to the provisions of the act, approved the first day of June, one thousand nine hundred fifty-six (Pamphlet Laws 1973) [65 P.S. §§201-209]. In such case the board may terminate the service of any such professional employe at the age of sixty-five or at the age at which the employe becomes eligible to receive full benefits under the Federal Social Security Act [42 U.S.C.A. §§401-425].

"Nothing within the foregoing enumeration of causes, shall be interpreted to conflict with the retirement of professional employes upon proper evidence of disability, or the election by professional employes to retire during the period of voluntary retirement, or the authority of the board of school directors to require professional employes to retire during said period of voluntary retirement, or the compulsion on the part of professional employes to retire at the attainment of age seventy."

Frantz admits that he is not a member of the old age and survivors insurance system pursuant to the provisions of the act, approved the first day of June, one thousand nine hundred fifty-six, and acknowledges that he is a member of the old age and survivors insurance system by virtue of the provisions of the Social Security Act of August 14, 1935, as amended, 42 U.S.C.A. §301, et seq. His Social Security eligibility arises from part-time employment with private employers. He has made no contributions to the Social Security from earnings derived from teaching school nor has any portion of his earnings as a school teacher been credited to his Social Security account.

Nevertheless, Frantz contends that Section 1122 of the Public School Code of 1949, as amended, should be

construed to include membership in the Social Security System achieved otherwise than through the provisions of the Act approved June 1, 1956. We cannot agree with this contention since the language used by the Legislature in Section 1122 is clear, unambiguous and free from doubt. It would have been difficult indeed for the Legislature to be more explicit in referring to the Act of June 1, 1956. A consideration of this matter promptly brings to mind Section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §551, which reads, *inter alia*, as follows: "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

In *Woolworth Company v. City of Pittsburgh*, 2 Pa. Commonwealth Ct. 338, 284 A. 2d 143 (1971), we held that a court's function is to read the statutory language as the legislature intends it to be read, and it is only when the legislature has not clearly expressed its intent that courts resort to the tenets of statutory construction.

The similarities between the instant case and *Hopfer v. Oklamchak*, 407 Pa. 193, 180 A. 2d 69 (1962), are indeed remarkable. In *Hopfer*, the appellant served as an elementary school teacher for forty-three years prior to receiving a letter from the employer school district that her professional contract would not be renewed since, prior to the commencement of the next school term, she would reach age sixty-two. Our Supreme Court, in discussing the legislative development of Section 1122, stated the following:

"Underlying this dispute is a change in the provisions of the Public School Code of March 10, 1949, P. L. 30, §1122; May 9, 1949, P. L. 939, 24 P.S. §11-1122. As originally enacted, this section provided that the contract of a professional employee could be terminated involuntarily only for certain stated causes, one of

which was attainment of the age of sixty-two. Whether or not retirement was to be required at this age, however, was at the discretion of the board of school directors. Such forced retirement for age has been upheld by this court. Cary v. Lower Merion School District, 362 Pa. 310, 66 A. 2d 762 (1949).

"Thereafter, by the Act of January 5, 1952, P. L. (1951) 1833, as amended by the Act of June 1, 1956, P. L. (1955) 1973, 65 P.S. §§201-209, employees of the Pennsylvania public school system were granted the opportunity to qualify for benefits under the Federal Social Security Act which previously had been extended to state employees who elected to come within its coverage.

"In order to make this extension of benefits meaningful, the General Assembly then enacted the Act of June 28, 1957, P. L. 395, amending §1122 of the Public School Code. This amendment limited the right of the school board to require retirement at age sixty-two by excepting professional employees who had joined the old age and survivors insurance system pursuant to the Act of 1956. The amendment, in part, provided: 'In such case the board may terminate the service of any such professional employe at the age at which the employe becomes eligible to receive benefits under the Federal Social Security Act: Provided, That the services of such employe shall not be terminated before age sixty-two.'

"Since a 1956 amendment to the Social Security Act itself had reduced the age at which a female became entitled to benefits to sixty-two, while retaining the male age of retirement at sixty-five, 70 Stat. 809 (1956), 42 U.S.C. §416(a), the effect of the 1957 Public School Code amendment was to permit male professional employees who elected to join the insurance system to remain in service to age sixty-five, and thereby become eligible for benefits. Male professional employees who

did not join the system and *all* female employees, regardless of whether or not they joined, were still subject to forced retirement at age sixty-two." 407 Pa. at 194-95, 180 A. 2d at 69-70.[1]

In our case we have a male professional employe who did not join the system pursuant to the Act of 1956, as required by Section 1122, and therefore was subject to forced retirement at age sixty-two. We agree with the able opinion of Judge WESSEL, writing for the court below, that from the language employed it was the clear intention of the Legislature that a board of school directors may terminate the service of any professional employe who has attained the age of sixty-two and is not a member of the Social Security System pursuant to the provisions of the Act of June 1, 1956. Frantz was such an employe and his termination was in accord with the provisions of Section 1122.

Frantz further contends that the Board of School Directors abused its discretion in retiring him at age sixty-two and continuing to employ thereafter three other professional employes who are more than sixty-two years of age and who are not members of the old age and survivors insurance system pursuant to the provisions of the Act of 1956. He further contends that this violated his constitutional right to equal protection of the laws. We cannot agree.

Here, the exercise of discretion by the Board of School Directors was when it determined that it should retire an employe who had attained the age that the Legislature has established as the age at which school boards may terminate the services of professional employes. Given this right of termination by the provision of the Public School Code, we can only reverse the ac-

---

[1] The amendment to Section 1122 by Section 1 of the Act of July 26, 1961, P. L. 891, did not affect the rationale of this quoted portion of *Hopfer v. Oklamchak.*

tion of the Board of School Directors where there is a showing of a clear abuse of discretion. The burden in this regard is a heavy one and is upon Frantz. We have carefully examined this record and must conclude that this burden has not been met and that Baldwin-Whitehall did not abuse its discretion in terminating the services of Frantz. *See Allen v. Uniontown Area School District*, 4 Pa. Commonwealth Ct. 183, 285 A. 2d 543 (1971) ; *Landerman v. Churchill Area School District*, 414 Pa. 530, 200 A. 2d 867 (1964).

It would seem that Frantz does not deny the existence of discretion in the school board under Section 1122 but rather asserts that termination of services must apply to all professional employes in the same class or to none. This all-or-none argument has been rejected by our Supreme Court. In *McKnight v. Board of Public Education*, 365 Pa. 422, 427-28, 76 A. 2d 207, 210 (1950), the Court stated that ". . . the principle is so well established as to need no citation of authority that unless the delegation of power to a given body or person contains specific restrictive language, no obligation or requirement is imposed requiring that the power be exercised in full or not at all. Exercise of less than the full power may be successfully challenged only where it can be shown that it has been exercised in an arbitrary, capricious, or discriminatory manner. The burden of showing such clear abuse of discretion is a heavy one."

Finally, Frantz claims that he has been denied the equal protection of the laws. The guarantee of the equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances. Here all persons who were professional employes of Baldwin-Whitehall and who had attained the age of sixty-two and who were not members of the Social Security System pursuant to the provi-

sions of the Act of June 1, 1956 were equally subject to having their services terminated by the Board. Such a classification was reasonable and applied to all persons in like circumstances and was not violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States. We are not unmindful that the clause not only prohibits the enactment of discriminatory laws, but also the discriminatory enforcement of laws which are fair on their face. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S. Ct. 1064 (1886). In the instant case, while Frantz was the only professional employe whose services were terminated, this fact, in itself, does not establish that the Board acted with purposeful and intentional discrimination against Frantz. We have carefully read the record and not only do we not find anything therein to support such a conclusion, but we do find reasons supporting the Board's decision to terminate only the services of Frantz.

Order affirmed.

---

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent. My study of the record in this case, including a specific reference to Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, as amended, 24 P.S. §11-1122, quoted in the majority opinion, leads me to believe that this case presents a situation resulting in an illegal and unconstitutional discrimination on the basis of age, as well as class. My views on the subject of age discrimination have been expressed in my concurring opinion in *McIlvaine v. Pennsylvania State Police*, 6 Pa. Commonwealth Ct. 505, 513, 296 A. 2d 630, 634 (1972). On the subject of class discrimination, I find that this case falls within my reasoning in a dissenting opinion in the case of *Cerra v. East Stroudsburg Area School Dis-*

*trict,* 3 Pa. Commonwealth Ct. 665, 672, 285 A. 2d 206, 208 (1971).[1]

As stated by the appellant, the obvious purpose of Section 1122 of the Public School Code of 1949, in the exception to the proviso, is to permit all school teachers or professional employes to remain as such employes beyond the 62-year age limit, so as to protect their rights under Social Security. From my point of view and based upon the record in this case, the forced retirement of this appellant, because he was already covered by Social Security resulting from some other employment, discriminates against him as a member of a class of school teachers covered by Social Security. Not all members of this class have been equally treated. To add insult to this injury, under the facts of this case, there were at least three school teachers of the Baldwin-Whitehall School District who were in the identical position of the appellant, but they were treated differently. Two school teachers, over the age of 62 and not under Section 1122 of the Act, were not forcibly retired, for the given reason that they were more acceptable to the school district than was the appellant. This situation made the violation of the appellant's equal protection rights even more pronounced. The record indicates and the school district admits that the appellant's performance record was satisfactory, even though they characterize it as "barely satisfactory." It strikes at my conscience to permit the forcible retirement of this appellant, under the facts of this case, which I believe is in violation of his equal protection rights, and therefore, I dissent.

---

[1] Reversed by the Pa. Supreme Court at 450 Pa. 207, 299 A. 2d 277 (1973) ; however, the Supreme Court did not find it necessary to discuss the equal protection issue.