331 A.2d 484

**Albert FRANTZ, Appellant,**

**v.**

**BALDWIN–WHITEHALL SCHOOL DISTRICT, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 1, 1973.

Decided Jan. 27, 1975.

194

V. J. Rich, Margiotti, Rich & Gravina, Pittsburgh, for appellant.

Edward R. Lawrence, Jr., Lawrence, Plum & Lawrence, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellant, Albert Frantz, instituted suit in the Court of Common Pleas of Allegheny County, challenging the action of his employer, the Baldwin-Whitehall School District, in terminating his employment as a school teacher on his 62nd birthday. Appellant requested a

writ of mandamus seeking reinstatement and back pay. The lower court, sitting without a jury, tried the case and rendered a verdict upon which judgment was entered, in favor of Baldwin-Whitehall and against Frantz. Exceptions to the verdict were filed by Frantz and after argument the court en banc dismissed the exceptions. An appeal to the Commonwealth Court resulted in an affirmance of the action of the Court of Common Pleas of Allegheny County with one judge dissenting. We granted allocatur and now affirm.

Appellant, at the time of his dismissal, had been a school teacher in the appellee's school district from September 1, 1955 until June 25, 1971. At all times material to this lawsuit, appellant was not a member of the old age and survivors insurance system established for public employees (including school teachers) pursuant to the provisions of the Act approved the first day of June, 1956, P.L.1973, 65 P.S. § 201 et seq. On at least three different occasions appellant specifically elected not to become a member of such system established pursuant to the aforesaid Act. Frantz is a member of the old age and survivors insurance system established pursuant to the Act of Congress approved August 14, 1935 as amended, 42 U.S.C.A. § 301 et seq. and his contributions to the system were made through part-time employment in the private sector. No portion of the wages earned by appellant as a public school employee have been credited to his Social Security account. On June 25, 1971, at a special meeting of the Board of Directors of the appellee school district upon the recommendation of the Superintendent of the district, action was taken to terminate Frantz's employment. Frantz was sixty-two years of age on June 25, 1971.

Appellant alleges three points of error in this appeal. He asserts that he was denied his constitutional right of equal protection by being forced into retirement as a member of the class covered by Social Security but not

under the Act of June 1, 1956. Secondly, he argues that the School Board acted arbitrarily, capriciously, and in violation of his right of equal protection in terminating his employment while not terminating the employment of three other teachers who were also sixty-two years of age and not members of the old age and survivors insurance system pursuant to the 1956 Act. Lastly, he asserts that since he is a member of the old age and survivors insurance system, although not under the Act of 1956, the age sixty-five termination date should apply to him because he also will not receive full benefits until age sixty-five.

Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11–1122, provides in pertinent part:

"The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement * * * persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe: Provided, That boards of school directors may terminate the service of any professional employe who has attained to the age of sixty-two except a professional employe who is a member of the old age and survivors insurance system pursuant to the provisions of the act, approved the first day of June, one thousand nine hundred fifty-six (Pamphlet Laws 1973). In such cases the board may terminate the service of any such professional employe at the age of sixty-five or at the age at which the employe becomes eligible to receive full benefits under the Federal Social Security Act."

■ Appellant argues that the obvious purpose of § 1122 of the Public School Code of 1949 as amended in the exception of the proviso, is to permit all school teachers to remain as such employees beyond the sixty-two year

age limit, so as to protect their rights under Social Security. He argues further that the forced retirement of appellant because he was already covered by Social Security resulting from some other employment, discriminates against him as a member of a class of school teachers covered by Social Security. This argument, however, fails to perceive the very real distinction between persons in appellant's situation and those school teachers who are covered under the 1956 Act. As a result of appellant's election not to become a member of Social Security as a public employee, he has received no credit for, or benefit from, his earnings as a school teacher for Social Security purposes. Whether the appellant retired from teaching at age forty-five, fifty, sixty or seventy, would not affect the computation of his Social Security benefits in any manner. The only factors which could affect appellant's eligibility for Social Security benefits are with regard to his employment in the private sector. On the other hand, a school teacher who retires prior to reaching age sixty-five and is covered by the Act of 1956 would face two disadvantages. First, his Social Security account would not be credited with earnings subsequent to retirement which could otherwise have accrued and secondly, his monthly Social Security benefits would be reduced if he elected to receive same prior to reaching age sixty-five. Thus, it is only a public school teacher who is a member of the Social Security system pursuant to the Act of 1956 who would be harmed by retirement prior to reaching age sixty-five. It is also clear that the statute, rather than establishing an unreasonable classification, creates an exemption from the age sixty-two termination date in order to enable those teachers who joined pursuant to the 1956 Act to become eligible for the benefits since they could have attained benefits only through continued contributions from wages earned as teachers. See *Hopfer v. Oklamchak*, 407 Pa. 193, 180 A.2d 69 (1962).

■■   In our view the classification at issue here reasonably relates to a valid state interest and is sustainable against a challenge based upon the equal protection clause. The state interest to be protected is the availability of benefits to those teachers who joined the system pursuant to the Act of 1956 and this interest is reasonably insured by the exemption for those teachers. In contrast, appellant's access to benefits, by his own election, has no relationship to his employment as a teacher. In *Adler v. Montefiore Hospital A. of W. Pa.*, 453 Pa. 60, 76–77, 311 A.2d 634, 643 (1973), this Court quoting the United States Supreme Court in *McGowan v. Maryland*, 366 U.S. 420, 425–426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961) stated:

" 'Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. (Citations omitted).' Unless a classification is inherently suspect, such as those based on alienage, nationality or race, and thus calls for 'close judicial scrutiny', see, e. g., *Graham v. Richardson*, 403 U.S. 365, 372–373, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), and cases cited therein, the test remains today whether the challenged policy may reasonably be justified."

Certainly, the exemption policy herein challenged is justified by the need to provide those teachers, not otherwise protected, access to benefits. We are satisfied that the question of classification is based on substantial dis-

tinctions which make real differences and which are germane and pertinent to the purpose of the law. See *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959); *Kotch v. Board of River Pilot Commissioners,* 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947); *F. S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

■ Appellant next asserts that the School Board denied appellant equal protection in the enforcement of this provision and acted arbitrarily and capriciously by terminating his employment while not terminating that of three other teachers who were also sixty-two and not members of the old age and survivors insurance system pursuant to the Act of 1956. A review of the record satisfies us that there was sufficient evidence to support the trial court's finding that the School Board had not acted arbitrarily and capriciously. The circumstances of the other three teachers are clearly distinguishable from those of appellant. In one case, the teacher did not attain age sixty-two until after the school year commenced, and at that point he voluntarily tendered his resignation effective the following year. The evidence as to the other two teachers amply demonstrated that they were performing specialized duties in a highly proficient manner and as a result they would have been very difficult to replace. Appellant, however, had received a rating of "barely satisfactory". Under these facts, we cannot say that the Board abused its discretion or that they acted with purposeful and intentional discrimination against appellant.[1]

1. The dissenting judge of the Commonwealth Court used as one of the bases for his dissent that this was an illegal and unconstitutional discrimination on the basis of age. *Frantz v. Baldwin-Whitehall School District,* 8 Pa.Cmwlth. 639, 304 A.2d 531 (1973) (dissenting opinion, Kramer, J.). However, this issue was not raised by the instant appellant and therefore need not be addressed in this opinion. *Dilliplaine v. Lehigh Valley Trust Co.,* Pa., 322 A.2d 114 (1974).

Appellant finally argues that because he is a member of the old age and survivors insurance system, although not under the Act of June 1, 1956, the age sixty-five termination date should apply to him and § 1122 of the Public School Code should be so construed. The language used by the legislature in the proviso in § 1122 is clear, unambiguous and free from doubt. The legislature could not have been more explicit in referring to the Act of 1956 and thus by implication excluding those who were not covered by that specific provision. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b), added by act of December 6, 1972, (P.L. 1339, No. 290), § 3. Not only is appellant's suggested construction in violation of the clear meaning of the language it is also inconsistent with the obvious purpose of the section. It is clear that the legislature only intended to limit the board's discretion in terminating employment at age sixty-two for those employees who were under the provisions of the Act of 1956 and required the additional employment, until age sixty-five, to become eligible for benefits under Social Security.

Order affirmed. Each party to pay own costs.

MANDERINO, J., filed a dissenting opinion in which O'BRIEN and ROBERTS, JJ., join.

MANDERINO, Justice (dissenting).

I dissent. There is no legitimate state interest in discriminating between employees according to the type of employment by which they are eligible for social security benefits. Early retirement forces the appellant to lose his income before reaching the age of 65. Other teachers are not forced to live on a limited income (or find new employment) between ages 62 and 65. This distinction is in no way related to educational purposes.

Moreover, the three years of employment between ages 62 and 65 can be significant in determining a teacher's retirement income, other than social security benefits, since teacher's pensions are related to salary amounts earned and length of service.

The justification for the discrimination announced by the majority is a blatant favoring of one teacher over another for reasons unrelated to any legitimate educational interest.

O'BRIEN and ROBERTS, JJ., join in this dissenting opinion.