# Johnstown Industrial Development Corp.
## v. Jerome

*James E. Mayer,* for appellant.
*Francis Leahey,* contra.

O'KICKI, *J.,* July 13, 1977 — The issue in this case is whether or not an interim assessment, as provided by the Act of March 10, 1949, P. L. 30, as amended, 24 P. S. § 6-677.1, can be utilized by a tax assessor to change assessments of property where no major improvements occurred after September 1 of the taxable year.

Richland School District, on or about November 15, 1974, requested the Cambria County commissioners, acting through the county board of assessment, to inspect and reassess real estate in the school district where there had been construction of major improvements after September 1, 1974. Petitioner, Johnstown Industrial Development Corporation, had completed construction of its building in April 1974. No major improvements were constructed upon said real estate after September 1, 1974. On December 5, 1974, the county assessor notified petitioner that the property had been inspected and reassessed. It was stipulated by petitioner and the Cambria County board of assessment appeals that no major improvements occurred on petitioner's real estate after September 1, 1974.

Petitioner appealed this assessment to the board of assessment appeals who affirmed the assessor's action. Thereafter, this matter was appealed to the Court of Common Pleas. The matter was argued before this court on July 13, 1976. At that time this court entered an order requiring the Richland School District to receive a copy of the pleadings

and to allow the school district to present its legal position, if any, in this matter within 30 days from the receipt of the prothonotary's order and copy of the proceedings. No response has been received from the Richland School District with respect to its legal position. The amount, subjects, and rates of taxation are functions of the State Legislature. They set the social and legislative tone of this Commonwealth. They set forth the circumstances under which a school district may request an interim assessment. The statute provides "Whenever. . .there is any construction of a building or buildings *after September 1 of any year* . . ." such assessment shall be placed upon the books for the purposes of levying taxes thereupon. The language of the legislature is clear and unambiguous.

The county assessor argues with persuasion that the language "after September 1 of any year" should be interpreted to mean after September 1, 1973. It is the contrary position that such language means after September 1, 1974.

Had the legislature intended to utilize this section of the Code to cover any property after September 1, 1973, and prior to January 1, 1975, they would have used the words "calendar year or fiscal year." This court may not in the guise of judicial interpretation substitute for the wording of the legislative enactments. See Hopfer v. Oklamshak, 407 Pa. 193, 180 A.2d 69 (1962). The purpose of an interim assessment is to place upon the tax rolls construction of any building or buildings after September 1 of any year. In this instant case that means the construction of a building or buildings after September 1, 1974. To hold otherwise would be to nullify the clear legislative intent. Admit-

tedly, the property was completed in April 1974 and did not appear on the tax rolls for that year. It may not under guise of interim assessment be placed upon the tax rolls if it had been completed prior to September 1 of 1974.

The county assessor had no authority to make an interim assessment or to change the values of any property except as to those properties upon which there had been "construction of a building or buildings after September 1" of 1974.

Once the assessment rolls are prepared the legislature has very carefully set forth a statutory means of challenging these assessments. Proper appeals are afforded to each and every taxpayer. Likewise the legislature has given certain statutory authority to school districts such as Richland. Such authority is limited only to an interim assessment for school tax purposes of any such improvements relating to the construction of buildings after September 1 (in this case September 1, 1974). The board of assessment appeals and the county assessor have no authority whatsoever to change an assessment for township or county purposes on a request initiated by a school district, as was done in this case.

The court finds that the change in petitioner's property assessment by the county assessor pursuant to the request of the Richland School District was totally void and without any authority in law. Wherefore, in accordance with the aforesaid opinion, we reverse the ruling of the Cambria County board of assessment appeals dated January 10, 1975. We also strike the "interim assessment" and reinstate the original assessment on the petitioner's property.