## Hamm v. Philadelphia Board of Education

*Martin A. Ostrow*, for plaintiff.
*Alan H. Gilbert*, for defendant.

SMITH, *J.*, November 10, 1977—Plaintiff, Dr. Gerald C. Hamm, was employed as a teacher for 42 years by defendant, the Board of Education for the City of Philadelphia. On April 1, 1977, Dr. Hamm, who was then 69 years of age, received a notice from the Board of Education that his employment would be terminated because he had passed the age at which the termination of employment is permitted by statute. Plaintiff has filed a complaint in mandamus seeking judgment against defendant ordering the board to restore plaintiff to his teaching position. Defendant has filed preliminary objections requesting dismissal of plaintiff's complaint.

The causes for termination of contracts with professional school employes are set forth in section 1122 of the Pennsylvania Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §11-1122, which reads as follows: "The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe: Provided, That boards of school directors may terminate the service of any professional employe who has attained to the age of sixty-two except a professional employe who is a member of the old age and suvivors insurance system pursuant to the provisions of the act, approved the first day of June, one thousand nine hundred fifty-

six Pamphlet Laws 1973). In such case the board may terminate the service of any such professional employe at the age of sixty-five or at the age at which the employe becomes eligible to receive full benefits under the Federal Social Security Act."

In his complaint, plaintiff alleges that he has been illegally removed from the service of the Board of Education, that he is being unlawfully and illegally deprived of his right to perform his duties and obligations as an English teacher, and that he is without other adequate and specific remedy at law. See Complaint, p. 11. In his answer to defendant's preliminary objections, plaintiff contends that the statutory retirement provision is "unconstitutional, arbitrary, capricious, as well as discriminatory."

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in plaintiff, a corresponding duty in defendant, and a want of any other appropriate and adequate remedy: Travis v. Teter, 370 Pa. 326, 87 A.2d 177 (1952). Plaintiff claims that his advanced age was the only ground asserted by the board in justifying his dismissal. If plaintiff's challenge to the legality of the retirement provision were to be sustained, the board would be obligated to reinstate plaintiff since none of the causes for termination enumerated in 24 P.S. §11-1122 were designated in the notice.* No exercise of discretion or judg-

---

*"Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. . ." 24 P. S. §11-1127. See also 24 P. S. §11-1121.

ment by the board would be involved. Thus, the facts in the instant case are readily distinguishable from those in Travis, where the Pennsylvania Supreme Court refused to order a county superintendent to rerate an "unsatisfactory rating" he had given temporary school teacher, where the rating was within the superintendent's power and discretion, and where there was no evidence of arbitrariness, fraud or illegality.

Defendant avers that plaintiff's failure to state a cause of action in the complaint necessitates the granting of a demurrer. See Pa. R.C.P. 1017(b)(4). In Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 96 S. Ct. 2562 (1976), the United States Supreme Court held that mandatory retirement at 50 years of age for Massachusetts uniformed state police officers did not violate the rational-basis standard of the federal equal protection clause. Youth and a vigorous physique are necessary to carry out the arduous duties of a police officer, but these attributes may have less significance for the performance of teaching responsibilities primarily requiring mental ability. Therefore, Pennsylvania's retirement provisions for teaching employes may very well run afoul of the mandates of equal protection.

None of the Pennsylvania Supreme Court decisions concerning the retirement clause of 24 P. S. §11-1122 are apposite. In Cary v. Lower Merion School District, 362 Pa. 310, 66 A.2d 762 (1949), the court held that an employe forced to retire under that statute is not entitled to a hearing. In Hopfer v. Oklamchak, 407 Pa. 193, 180 A.2d 69 (1962), a local school district's rule fixing mandatory retirement at 62 for female teachers and 65 for male teachers was found not to discriminate un-

constitutionally on the basis of sex. In Frantz v. Baldwin-Whitehall School District, 8 Pa. Commonwealth Ct. 639, 460 Pa. 192, 331 A.2d 484 (1973), the court upheld, in the face of an equal protection attack, the distinction between members and non-members of the old age and survivors insurance system established for state public employes.

Thus, Pennsylvania decisional law does not preclude an action challenging the legality of discrimination on the basis of age contained in a retirement statute.

## ORDER

And now, November 10, 1977, it is hereby ordered and decreed

1. That defendant's preliminary objections are dismissed.

2. That defendant is ordered to file an answer to the plaintiff's complaint in mandamus within 30 days from the date of this order.