Delmar Coward and Coward Contracting Company, Inc., Petitioners v. Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued September 11, 1979, before President Judge
BOWMAN and Judges WILKINSON, JR., ROGERS, BLATT,
DISALLE, CRAIG and MACPHAIL. Judges CRUMLISH, JR.
and MENCER did not participate.

*Ross S. Bash,* with him *Richard H. Galloway,* and
*Ackerman & Galloway,* for petitioners.

*Howard J. Wein,* Assistant Attorney General, for
respondent.

OPINION BY JUDGE WILKINSON, JR., October 11, 1979:
We have before us an appeal from an order of the
Environmental Hearing Board (Board) which af-
firmed the order of the Department of Environmental
Resources (DER) directing the appellants cease the
operation of a landfill. We affirm.

The first argument advanced by appellants is that the action of DER in ordering the landfill closed is too harsh under all the circumstances. We cannot agree. Appellants admit they do not have a permit to operate a landfill. Indeed they do not and never have had a permit to operate a landfill. Appellants, prior to July 25, 1972, had applied for a landfill permit and received letter authority to operate during the construction of industrial waste treatment facilities. This letter authority was revoked by DER. Since then appellants have been directed to apply for a permit but have failed to do so. We need go no further to justify the Board's affirmance of DER's order to close the landfill.[1]

Appellants' next argument is that the Commonwealth has capriciously discriminated against them by selective enforcement. This factual issue was presented to the Board and it found against appellants. Appellants had the burden on this issue and failed to meet it. See Frantz v. Baldwin-Whitehall School District, 8 Pa. Comonwealth Ct. 639, 304 A.2d 531 (1973), aff'd, 460 Pa. 192, 331 A.2d 484 (1975). Appellants assert they were prevented from presenting their evidence on this issue by the hearing examiner. A study of the record does not support this claim of error. Appellants were prevented from pursuing this point on cross-examination because it was outside the scope of the direct examination. However, the hearing examiner expressly stated at the time of that ruling that appellants could present such testimony in their case.

---

[1] Our position in this matter should come as no surprise to appellants for this Court, acting through Judge MENCER, granted the DER a preliminary injunction, enjoining appellants from operating this same landfill. See Commonwealth v. Coward, No. 1801 C.D. 1978 (unreported order entered September 22, 1978 and unreported opinion filed November 14, 1978).

Finally appellants present the rather novel position that since the Commonwealth has elected to use its power to obtain an injunction under the original jurisdiction of this Court, it is foreclosed from using the instant enforcement procedure. It relies on our decision in *Department of Environmental Resources v. Leechburg Mining Company*, 9 Pa. Commonwealth Ct. 297, 305 A.2d 764 (1973). The matter before us is not an enforcement proceeding—it is an appeal by appellants from an order of the Board entered on July 10, 1978. The action for enforcement in this Court's original jurisdiction was begun on July 31, 1978 to No. 1801 C.D. 1978.

Accordingly, we will enter the following

ORDER

AND Now, October 11, 1979, the order of the Environmental Hearing Board in its Docket No. 77-032-W, dated July 10, 1978, affirming the order of the Department of Environmental Resources directing Delmar Coward and Coward Contracting Company, Inc. to cease the operation of a landfill is affirmed.